## UNITED STATES v. ODENEAL.

*(Circuit Court, D. Oregon.   February 14, 1882.)*

1. ADVERTISING FOR SUPPLIES BY SUPERINTENDENT OF INDIAN AFFAIRS — PAYMENT FOR.

   The defendant, as superintendent of Indian affairs, published advertisements in two newspapers inviting proposals for supplies, upon the authority of a general order to that effect, addressed to his predecessor in office by the commissioner of Indian affairs, in which it was stated that the order was made by the direction of the secretary of the interior, and attached copies of said order to the bills for publishing such advertisements. *Held*, that the publication of such advertisements was authorized by the secretary of the interior within the meaning of section 3828 of the Revised Statutes, and that the payment thereof was a lawful expenditure of the public money entrusted to the superintendent, and ought to be allowed in his accounts.

Action on Official Bond.

*Rufus Mallory*, for plaintiff.

The defendant *in propria persona*.

DEADY, D. J.   On March 12, 1872, the defendant, as superintendent of Indian affairs for Oregon, executed a bond to the plaintiff, in the penal sum of $100,000, conditioned that he would "faithfully expend" and "honestly account" for all public moneys that might come into his hands as such officer.   In the first quarter of the year 1873 the defendant, acting under this bond, paid out of the public moneys in his hands to C. P. Crandall, publisher of the *Oregon Statesman*, for advertising for bids for Indian supplies, $61.36, and the *Oregonian* Publishing Company, the sum of $57.51, for a like service.   In the examination of his accounts these items were disallowed by the second auditor, with the approbation of the second comptroller, upon the ground that "no written authority of the honorable secretary of the interior is presented to comply with section 3828 of the Revised Statutes."   Subsequently this action was brought to recover these sums—$118.78—with interest, as moneys not duly accounted for.

The answer of the defendant admits the receipt and expenditure of the money as stated in the complaint, and then alleges as a defence to the action that on October 22, 1870, a general order was made and issued by the secretary of the interior and signed by the commissioner of Indian affairs, and directed to the superintendent of Indian affairs in Oregon for his "guidance" in the matter of advertising for proposals to furnish supplies, as follows: "Referring to your letter of the ninth ultimo, submitting the names of newspapers in which ad-

vertisements for proposals for supplies required in the Oregon superintendency should be published, I have to advise you that, *by direction of the honorable secretary of the interior,* you are hereby authorized to publish such advertisements in the *Oregon Statesman,* Salem, and the *Oregonian,* Portland, Oregon;" that such order was made general to avoid the delay incident to procuring a special direction from Washington whenever the purchase of supplies became necessary; that the same was unrevoked and in full force at the date of the advertisements and expenditures in question; and that a copy of such order was "attached" to each of the bills for publishing said advertisements. It is also alleged, but unnecessarily, that the proposals received under these advertisements were approved by the secretary of the interior, and the purchase made accordingly.

The plaintiff demurs to this defence as insufficient, because it does not show that section 3828 of the Revised Statutes was complied with in expending said moneys. Said section 3828 (section 2 of the act of July 15, 1870; 16 St. 308) provides that "no advertisment, notice, or proposal for any executive department of the government, or for any bureau thereof, or for any office therewith connected, shall be published in any newspaper whatever, except in pursuance of a written authority for such publication from the head of such department; and no bill for any such advertising or publication shall be paid, unless there be presented with such bill a copy of such written authority."

Admitting the truth of the answer, as the demurrer does, it does not distinctly appear from the statement of the account by the auditor, or the argument of the counsel for the plaintiff, wherein the defendant failed to comply with said section 3828 of the Revised Statutes. For anything in the letter of the statute, or the subject-matter regulated by it, the authority to advertise might as well be general as special; that is, might, under the terms of the statute, be made to comprehend and authorize the publication of successive advertisements of a particular class or kind as well as a single one. Besides, these advertisments, being "for supplies," were such as the law required to be made, (section 3709, Rev. St.,) and the order of the secretary could only limit the number or place of publishing them by prescribing the newspapers in which they should be inserted. Whenever the defendant undertook to procure supplies for his superintendent, he was authorized and required by statute (section 3709, Rev. St.) to advertise a "sufficient time" for proposals, subject only to the

direction of the secretary as to the newspaper or papers in which the publication should be made.

Neither can the objection be that the order under which the defendant claims to have acted was made before he went into the office, for any general order or direction of the secretary concerning the conduct or management of this superintendency continued applicable and in force until revoked or superseded, unaffected by any change of superintendents.

The only other objection that could be made or has been suggested to the authority to publish, is that it did not "come" from the head of the department—the secretary of the interior—but only the commissioner of Indian affairs, by whom it was signed. The secretary of the interior is charged with the "supervision of public business" relating to the Indians. Section 441, Rev. St. In the department of the interior there is a commissioner of Indian affairs, who "shall, *under the direction* of the secretary of the interior, and agreeably to such regulations as the president may prescribe; have the management of all Indian affairs, and of all matters arising out of Indian relations." Section 463, Rev. St. Upon these provisions of law the commissioner was the proper person for the superintendent to apply to for authority to advertise in the *Statesman* and *Oregonian;* and although, under section 3828, *supra,* the authority to do so must "come" from the secretary, it would, nevertheless, come to the superintendent *through* the commissioner.

Was it necessary also for the secretary to *sign* the order, as well as direct the commissioner to make it? I think not. The statute does not in terms require that he should, nor does the nature of the business or the relation between the parties make it necessary. The commissioner, as to Indian affairs, is the deputy or representative of the secretary, and the lawful channel of communication with Indian superintendents and agents. Upon the authority of his office, and as the representative of the secretary, he informed the defendant that by the direction of that official he was authorized to publish the advertisement in the newspapers mentioned. The authority professed to come from the head of the department, and it came through the proper officer. No one questions the *bona fides* of the transaction. The money has been honestly and beneficially used for the government, and the defendant ought to be credited with the amount, unless there is some technical difficulty in the way, and I see none.

The demurrer is overruled.